## IN THE UNITED STATES DISTRICT COURT
### FOR THE
### EASTERN DISTRICT OF WISCONSIN

---

BRILLIANT DPI, INC.,

      Plaintiff,

v.                                                                  Case No.: _____

KONICA MINOLTA BUSINESS
SOLUTIONS, U.S.A., INC.,
KONICA MINOLTA PREMIER FINANCE,
ELECTRONICS FOR IMAGING, INC., and
CIT TECHNOLOGY FINANCING SERVICES, INC.,

      Defendants.

---

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

---

COMES NOW Plaintiff Brilliant DPI, Inc., by its attorneys, Crivello Carlson, S.C, and for its Complaint against Defendants Konica Minolta Business Solutions U.S.A., Inc., Konica Minolta Premier Finance, Electronics For Imaging, Inc., and CIT Technology Financing Services, Inc., states as follows:

### PARTIES

1.    Plaintiff, Brilliant DPI, Inc., (hereinafter "Brilliant") is a Wisconsin Corporation, specializing in digital imaging graphics, with its principal place of business located at company located at 6651 North Sidney Place, Milwaukee, Wisconsin 53209.

2.    Defendant Konica Minolta Business Solutions U.S.A., Inc. (hereinafter "KMBS") is a foreign corporation organized under the laws of New York with its principal place of business in New Jersey. Defendant KMBS is authorized to do business in Wisconsin and has a

resident, registered agent of Corporation Service Company, 8040 Excelsior Drive, Madison, Wisconsin 53717.

3.      Defendant Konica Minolta Premier Finance (hereinafter "KMPF") is a foreign corporation organized under the laws of New York with its principal place of business in New Jersey.  KMPF is authorized to do business to do business in Wisconsin and has a resident, registered agent of Corporation Service Company, 8040 Excelsior Drive, Madison, Wisconsin 53717.

4.      Defendant Electronics For Imaging, Inc. (hereinafter "EFI") is a foreign corporation organized under the laws of Delaware with, upon information and belief, a principal place of business located at 6750 Dumbarton Cir, Fremont, CA 94555 and a registered agent of The Corporation Trust Company, located at 1209 N. Orange St, Wilmington, DE 19801. It is not alleged that EFI is authorized to do business in the state of Wisconsin.

5.      Defendant CIT Technology Financing Service, Inc. (hereinafter "CIT") is a foreign corporation organized under the laws of Massachusetts with its principal place of business in Livingston, New Jersey. CIT is authorized to do business to do business in Wisconsin and has a resident, registered agent of Corporation Service Company, 301 S. Bedford St. Suite 1 Madison, WI 53703.

6.      This action is brought for Fraudulent Representations under Wisconsin's Deceptive Trade Practices Act, Negligent Misrepresentation, Intentional Misrepresentation/ Fraudulent Inducement, Intentional Interference with Business Relations, Breach of Contract, Breach of the Implied Warranty of Fitness, Breach of the Implied Warranty of Merchantability, *Res Ipsa Loquitur*. The Complaint also seeks certain declaratory relief. Each cause of action is brought under Wisconsin Law.

Case 2:18-cv-00799-WED   Filed 05/24/18   Page 2 of 16   Document 1

## JURISDICTION

7.      Jurisdiction is proper pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00.

8.      This Court may exercise personal jurisdiction over the parties because the acts and omissions alleged herein occurred in the State of Wisconsin.

9.      Since one or more of the events giving rise to this action occurred within this Court's district, venue is proper pursuant to 28 U.S.C. § 1391.

## COMMON ALLEGATIONS

10.     Brilliant is a family-owned and operated graphics company with over fifty years of experience in digital imaging and offset printing. Plaintiff is engaged in the business of professional business printing and prints a variety of projects for business and individuals.

11.     KMBS is a foreign corporation in the business of selling and distributing office automation services to business and KMBS employs sales representatives in Wisconsin and does substantial and continuous business in the state.

12.     KMPF is a subset of KMBS and offers financing and business solutions to customers wishing to lease expensive office equipment. As it relates to this present action, KMPF and KMBS will sometimes herein be referred to jointly as "Konica."

13.     At all times relevant hereto, Plaintiff has interacted with Konica representatives in relation to the deficiencies of the subject printer, while it has dealt with CIT Technology Financing Services, Inc. ("CIT") with respect to lease payments.

14.     In July of 2015, Plaintiff and Konica representatives stationed in Waukesha, Wisconsin entered into discussions regarding the leasing of a mid-level production flatbed LED

3

printer. Plaintiff sought out such equipment in an effort to expand the printing services it could offer to its customers.

15.     Plaintiff expressed to Konica representatives its desires to be able to print on high-value, specialty rigid and inflexible substrates.

16.     With these desires in mind, Konica representatives selected, recommended, and offered to Plaintiff the H1625 LED Wide Format Printer manufactured by EFI ("subject printer"). In selecting and recommending the EFI H1625, Konica made specific representations to the Plaintiff, among other things, that the subject printer would be able to print on high-value, specialty rigid and inflexible substrates and in the manner specifically described by the Plaintiff.

17.     Relying on the recommendation of the EFI H1625 and representations of Konica, on or about July of 2015, Plaintiff and KMPF entered into an equipment lease agreement (hereinafter "the original lease") to finance the purchase of the EFI H1625.

18.     Upon information and belief, all or part of the original lease was assigned to CIT.

19.     Subsequent to execution of the original lease, the subject printer was delivered to Plaintiff's place of business and Plaintiff's employees were trained by Konica technicians on both the operational use and cleaning procedures associated with the subject printer.

20.     Almost immediately after the delivery of the subject printer, Plaintiff began experiencing problems with the subject printer.

21.     Plaintiff immediately notified Konica about the problem, including issues related to the inks, cartridges, and the circuit panel in the subject printer.

22.     The explanations for the defective performance of the subject printer were many and varied; and, the EFI and Konica technicians attempted several avenues of troubleshooting and service on the machine, to no avail.

4

23.     Representatives from Konica and EFI explained to Plaintiff that subject printer had been having a lot of problems and that they had received multiple complaints from users all over the mid-west; and, at numerous times relevant hereto, Brilliant DPI's principal has had discussions with other printer companies that cited the same problems and complaints related to the subject EFI H1625 equipment.

24.     After nearly a year of engaging with EFI and Konica representatives and technicians regarding the deficiencies in the subject printer, representatives of EFI and/or Konica determined that the subject printer was, in fact, defective and replaced the subject printer with an entirely new machine(hereinafter "the replacement printer").

25.     At that time, the July, 2015 Lease agreement was rescinded and on October 27, 2016, executed a new lease (the "Lease"); although the face of the Lease declares it is a "finance lease," the facts and circumstances surrounding its execution belie its character as a "finance lease."

26.     Subsequent to the execution of the Lease, and upon information and belief, all or part of the Lease was assigned to CIT.

27.     Shortly after being provided with a replacement printer, concerns persisted with the replacement printer, including issues relating ink streaking and color deficiencies.

28.     Plaintiff again continued to contact Konica Technicians to resolve issues with the replacement printer, including issues related to color ink temperatures, white gaps in the lines, and solid magenta bars, bad print quality, and a plethora of other issues. Attached hereto as **Exhibit A** are true and correct copies of screen shots of conversations between Plaintiff's employees and Konica technicians.

29.    The communications in **Exhibit A** show the multiple attempts made by Plaintiff's employees to fix the problems with the replacement printer.

30.    Ultimately, it was determined that the replacement EFI H1625 printer was unable to produce marketable materials and the defective original and subsequent defective replacement printer have negatively impacted Plaintiff's business as customers have refused to pay for the defective projects.  Among several examples of this, attached as **Exhibit B** is an email exchange between Ms. Christy Kapellen, a Senior Designer with Plaintiff's customer, Printmax, and Ms. L.J Cooper, Plaintiff's Director of Production and Design.

31.    The failures of the original and replacement EFI H1625 printer were immediate, ongoing and promptly reported to Konia and EFI.

32.    The failures caused significant delays in Plaintiff's purchase orders and severely impacted the quality of work Plaintiff was able to produce.

33.    These failures caused Plaintiff to lose substantial revenue and customers. In addition, these failures prevented Plaintiff from ultimately receiving pledged contracts or jobs in light of the failures of the EFI H1625 printer.

34.    Upon information and belief, Konica and EFI were aware that the EFI H1625 printer model had widespread defects. Further, Konica was aware that many of the representations it made with respect to the EFI H1625 printer and its capabilities were false; and the defects were the result of the EFI H1625 manufacture and/or design. Plaintiff requested that Konica and EFI remedy the problems with the EFI H1625 and neither Konica nor EFI were able to remedy the problems.

35.    Plaintiff did not receive the printer it bargained for with Konica.

6

## CAUSE OF ACTION NO. 1

**Fraudulent Misrepresentations Against Konica Under Wisconsin's Deceptive Trade Practices Act, Wis. Stat. § 100.18**

36.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth herein in paragraphs 1 – 35.

37.     Prior to July of 2015, Plaintiff began discussion with representatives from Konica, operating out of Waukesha, Wisconsin, regarding leasing options for commercial grade printers.

38.     During those interactions, Plaintiff expressly explained to Konica representatives that the Plaintiff wished to expand the services it could offer to its customers and wanted to be able to print on high-value specialty rigid and inflexible surfaces.

39.     In response to Plaintiff's desires Konica representatives selected, recommended, and offered to the Plaintiff the H1625 LED Wide Format Printer manufactured by EFI.

40.     However, not only did Konica select and recommend the EFI printer, but also it made specific representations to the Plaintiff that the printer would be able to print on high-value, specialty rigid and inflexible surfaces in such a way as to produce marketable materials in the manner specifically described by Plaintiff.

41.     Upon information and belief, Konica, with the intent of inducing Brilliant to enter the equipment lease, made assertions, representations and statements of fact regarding the capabilities of the EFI Printer that were untrue, deceptive and misleading.

42.     Plaintiff entered into the Lease for the subject printer relying on the representations made by Konica representatives.

43.     The original printer was defective and the replacement printer had the same defects. And, as a result of Konica's Fraudulent Misrepresentations, Plaintiff has lost has lost certain business, and has incurred damages including lost payments, fees, interest and revenue.

7

## CAUSE OF ACTION NO. 2

### Negligent Misrepresentation Against Konica Minolta

44.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth herein in paragraphs 1 – 43.

45.     After nearly a year of engaging with EFI and Konica representatives and technicians regarding the deficiencies in the original EFI H1625 printer, representatives of EFI and/or Konica determined that the subject printer was, in fact, defective and replaced the EFI H1625 with an entirely new machine.

46.     In selecting and recommending the replacement EFI H1625, Konica made specific representations to the Plaintiff, among other things, that the replacement printer would be able to print on high-value, specialty rigid and inflexible substrates in the manner specifically described by Plaintiff.

47.     At that time, Konica and Plaintiff agreed to a rescission of the lease executed in July 2015 and executed the current lease on or about October 27, 2016 (the "Lease").

48.     Upon information and belief, Konica and EFI had received multiple complaints about the defect of the EFI H1625 printer from several other companies and Konica and EFI technician had served multiple EFI H1625 printers and were aware of the defect prior to executing the October 27, 2016 Lease.

49.     Plaintiff entered into the October 27, 2016 Lease for the subject printer relying on the representations made by Konica representatives.

50.     As a result of Konica's Negligent Misrepresentations, Plaintiff has lost has lost certain business, and has incurred damages including lost payments, fees, interest and revenue.

8

## CAUSE OF ACTION NO. 3

**Intentional Misrepresentation/Fraudulent Inducement Against Konica Minolta**

51.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth herein in paragraphs 1 – 50.

52.     Prior to July of 2015, Plaintiff began discussion with representatives from Konica Minolta operating out of Waukesha, Wisconsin regarding leasing options for commercial grade printers.

53.     During those interactions, Plaintiff expressly explained to Konica representatives that Plaintiff wished to expand the services it could offer to its customers and wanted to be able to print on high-value specialty rigid and inflexible surfaces. In response to Plaintiff's desires Konica representatives selected, recommended, and offered to Plaintiff the H1625 LED Wide Format Printer manufactured by EFI.

54.     Konica, with the intent of inducing Brilliant to enter the Original Lease and the Lease, made assertions, representations and statements of fact regarding the capabilities of the EFI Printer that were untrue, deceptive and misleading.

55.     Plaintiff entered into the Original Lease and the Lease for the subject printer due to the representations made by Konica representatives.

56.     The original H1625 printer was defective and the replacement H1625 printer had the same defects; examples of such defects are set forth in Exhibit B.

57.     As a result of Konica's Fraudulent Inducement, Plaintiff has lost has lost certain business, and has incurred damages including lost payments, fees, interest and revenue.

9

## CAUSE OF ACTION NO. 3

### Intentional Interference With Business Relations Against Konica

58.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth herein in paragraphs 1 – 57.

59.     Plaintiff has contracts with its customers, under which plaintiff sells custom printing services, layout, and graphic designs to its customers.

60.     Konica was aware of these contracts and business relationships that Plaintiff had with its customers and Konica was aware that Plaintiff was purchasing the equipment for the purposes of offering these services and more to its customers.

61.     Konica interfered with Plaintiff's relationship with its customers by providing Plaintiff a defective printer and failing to properly maintain and/or service the defective printer when Konica became aware of the poor quality of work the printer was producing both from Plaintiff and several other of its customers who had leased the same printer.

62.     Konica intentionally interfered with Plaintiff's business relationship and prospective business relations by failing to provide a working printer and/or failing to provide proper service to the printer with the full knowledge that such printer was defective and would not perform as represented.

63.     The failures caused significant delays in Plaintiff's purchase orders and severely impacted the quality of work Plaintiff was able to produce. In addition, and as a result of the defective printer, Plaintiff lost numerous contracts, customers and accounts.

64.     As a direct result of Konica's failures Plaintiff has lost certain business, sustained damages to business relationships and have incurred damages including lost payments, fees, interest and revenue.

10

## CAUSE OF ACTION NO. 4

### Breach of Contract Against Konica Minolta

65.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth herein in paragraphs 1 – 64.

66.     Plaintiff entered into a Premier Lease Agreement with Konica.

67.     Prior to executing the Lease agreement, Plaintiff advised Konica representatives that Plaintiff needed a printer that could print on high-value specialty rigid and inflexible surfaces, which Plaintiff frequently used to fulfill orders for customers.

68.     Konica understood Plaintiff's needs and recommended the EFI H1625, which Plaintiff ultimately leased.

69.     Plaintiff performed its obligations under the Lease agreement by making all lease payments owed until such time as Plaintiff was unable to continue making payments as a direct and proximate result of the non-functioning state of the EFI H1625 printer.

70.     Konica failed to perform their obligations under the Lease agreement in numerous ways, including but not limited to:

      a.      Failing to maintain the EFI H1625 printer in good operating condition; and

      b.      Failing to provide equipment that could be used by Plaintiff for the Plaintiff's stated purpose, which was known to KMBS and KMPF.

71.     As a direct and proximate result of Konica's breach, Plaintiff was damaged and has suffered significant financial losses as a result of the limited functionality of the EFI H1625 printer and incurred substantial expenses as a result of its inability to use the EFI H1625 printer to fulfill customer orders.

## CAUSE OF ACTION NO. 5

### Common Law Negligence Against EFI

72.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth herein in paragraphs 1 – 71.

73.     Prior to July of 2015, EFI manufactured the EFI H1625 printer.

74.     EFI owed a duty to the Plaintiff to design, manufacture, distribute and/or sell printers that functioned and to warn the Plaintiff of any defects in the printer.

75.     Upon information and belief, and based on the record, EFI was aware of the EFI H1625 printers defects.

76.     EFI breached its duty to Plaintiff by designing, manufacturing, distributing, and/or selling the EFI H1625 printer, that was defective, and by failing to warn the Plaintiff of such defect.

77.     As a direct and proximate result of EFI's Negligence, Plaintiff suffered significant financial losses as a result of the limited functionality of the EFI H1625 printer and incurred substantial expenses as a result of its inability to use the EFI H1625 printer to fulfill customer orders.

## CAUSE OF ACTION NO. 6

### Breach Of Implied Warranty Of Merchantability Against EFI

78.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth herein in paragraphs 1 – 77.

79.     At the time of purchase, EFI was in the business of manufacturing and distributing printers for commercial and business printing projects.

12

80. As alleged herein, prior to July of 2015, EFI manufactured and distributed the EFI H1625 printer to Konica, who thereafter sold the EFI H1625 to Plaintiff.

81. The product sold to Plaintiff was not reasonably fit for the ordinary purposes for which it was used and was unable to complete the simple task of printing commercial projects.

82. Plaintiff suffered significant financial losses as a result of the limited functionality of the EFI H1625 printer and incurred substantial expenses as a result of its inability to use the EFI H1625 printer to fulfill customer orders.

83. The defective condition of EFI's product was the cause of the Plaintiff's damages.

## CAUSE OF ACTION NO. 7

### Breach of Implied Warranty Of Fitness For A Particular Purpose Against EFI

84. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth herein in paragraphs 1 – 83.

85. EFI had reason to know that Plaintiff was buying the product for the particular purpose of printing commercial projects.

86. EFI knew or had reason to know that Plaintiff was relying on the Konica's skill or judgment to select and furnish a suitable product.

87. The EFI H1625 was unfit for the particular purpose Plaintiff bought it for.

88. The defective condition was a cause of Plaintiff's damages.

## CAUSE OF ACTION NO. 8

### Res Ipsa LoquiturAgainst EFI

89. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth herein in paragraphs 1 – 88.

Case 2:18-cv-00799-WED   Filed 05/24/18   Page 13 of 16   Document 1

90.     As alleged herein, prior to July of 2015, EFI manufactured and distributed the EFI H1625 printer for the purpose of commercial and business printing projects.

91.     Further, between July of 2015 and October 27, 2016, Plaintiff contacted EFI technicians on numerous occasions regarding the issues with the printer and the deficient work it was producing.

92.     On October 27, 2016, EFI replaced the original EFI H1625 printer with the exact same make and model printer.

93.     Soon after its replacement, the EFI H1625 printer began having the same problems as the original printer.  The conduct and omissions of EFI are presumed negligence because:

   a.     EFI was made aware of the deficiencies of the EFI H165 printer by Plaintiff;

   b.     EFI was made aware of the deficiencies of the EFI H165 printer by several other complaining parties across the Midwest;

   c.     The deficiencies caused significant delays in Plaintiff's purchase orders and severely impacted the quality of work Plaintiff was able to produce; and

   d.     Plaintiff did not contribute to the deficiencies caused by the EFI H165.

94.     As a direct and proximate result of EFI's negligent acts and omissions, Plaintiff was damaged.

## CAUSE OF ACTION NO. 6

### Declaratory Relief Against CIT

95.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth herein in paragraphs 1 – 94.

96.     Upon information and belief, CIT was the lessor of the Lease Agreement between Plaintiff and Konica.  Konica assigned certain its rights to payment due under the Lease agreement to CIT.  Neither the assignment contract itself, nor its terms have been disclosed to the Plaintiff.

97.     As explained above, Konica breached that agreement in various ways, which prompted CIT to assert possessory rights over the EFI printer and the demand the reaming sum of the lease agreement.

98.     Therefore, Plaintiff is entitled to a declaration that Plaintiff is not liable to CIT for any amounts allegedly owed through the lease agreement because of Konica's breach.

**WHEREFORE**, Plaintiff Brilliant DPI Inc. prays for a judgement against the Defendants in excess of $75,000.00, for the full amount of payments and fees due it, along with pre-judgment interest, attorney's fees, and for other such relief as the Court deems just and proper.

### REQUEST FOR JURY TRIAL

Plaintiff respectfully requests a trial by 12-person jury in this matter.

Dated this 24th day of May, 2018.

CRIVELLO CARLSON, S.C.
Attorneys for Plaintiff, Brilliant DPI, Inc.


By:   George S. Peek
     GEORGE S. PEEK
     State Bar No. 1041648
     JASMYNE M. BAYNARD
     State Bar No. 1099898

Post Office Address:
710 N. Plankinton Avenue, Suite 500
Milwaukee, WI 53203
Phone:  414-271-7722
Email:  gpeek@crivellocarlson.com
       jbaynard@crivellocarlson.com