# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRILLIANT DPI, INC.,

                Plaintiff,

  v.                                    Case No. 18-CV-799

KONICA MINOLTA BUSINESS SOLUTIONS,
U.S.A., INC., et al,

                Defendants.

## DECISION AND ORDER

## INTRODUCTION

Plaintiff Brilliant DPI, Inc. filed this action against defendants Konica Minolta Business Solutions, U.S.A., Inc., Konica Minolta Premiere Finance, Electronics for Imaging, Inc., and CIT Technology Financing Services, Inc. Against Konica Minolta Business Solutions and Konica Minolta Premiere Finance (collectively, "Konica") they allege fraudulent misrepresentation under Wisconsin's Deceptive Trade Practices Act (Wis. Stat. § 100.18), negligent misrepresentation, intentional misrepresentation/fraudulent inducement, intentional interference with business relations, and breach of contract (ECF No. 1, ¶¶ 36-71); against Electronics for Imaging they allege common law negligence, breach of implied warranty of merchantability,

breach of implied warranty of fitness for a particular purpose, and res ipsa loquitur (*id.*, ¶¶ 72-94); and against CIT they seek a declaration that they are not liable for any amounts allegedly owed through a lease agreement entered into with Konica and later assigned to CIT (*id.*, ¶¶ 95-98). In response, CIT filed their "Answer, Affirmative Defenses, and Counter-claim," alleging counterclaims against Brilliant for breach of contract, replevin, unjust enrichment, and quantum meruit. (ECF No. 9.)

CIT moves to sever Brilliant's claim for declaratory relief as well as its counterclaims against Brilliant and transfer venue to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404 and Federal Rule of Civil Procedure 21. (ECF No. 37.) All parties have consented to the full jurisdiction of a magistrate judge. (ECF Nos. 3, 21, 22, 30.) CIT's motion is ready for resolution.

**FACTS**

The following facts are taken from the complaint.

Brilliant is a graphics company that professionally prints a variety of projects for businesses and individuals. (ECF No. 1, ¶ 10.) In July 2015 it entered into discussions with Konica to lease a mid-level production flatbed LED printer. (*Id.*, ¶ 14.) Brilliant expressed that it wanted to be able to print on high-value, specialty rigid and inflexible substrates. (*Id.*, ¶ 15.)

With Brilliant's desires in mind, Konica representatives recommended to Brilliant a H1625 LED Wide Format Printer manufactured by Electronics for Imaging. (ECF No. 1,

2

¶ 16.) Konica represented, among other things, that the H1625 printer would be able to print in the manner described by Brilliant. (*Id.*) Based on Konica's recommendation, in July 2015 Brilliant agreed to enter into an equipment lease agreement with Konica to finance the purchase of the printer. (*Id.*, ¶ 17.) At some point after the lease agreement was executed, Konica assigned all or part of the lease to CIT. (*Id.*, ¶ 18.)

The printer was delivered to Brilliant's place of business and Brilliant employees were trained by Konica technicians on both the operational use and cleaning procedures associated with the printer. (ECF No. 1, ¶ 19.) Almost immediately, Brilliant began experiencing problems with the printer. (*Id.*, ¶ 20.) After nearly a year of troubleshooting and service on the printer, representatives of Electronics for Imaging and/or Konica determined that the printer was defective and replaced it with a new printer. (*Id.*, ¶ 24.) The July 2015 lease agreement was rescinded and a new lease was executed on October 27, 2016. (*Id.*, ¶ 25.) As before, Konica assigned all or part of the October 2016 lease agreement to CIT. (*Id.*, ¶ 26.)

Brilliant also experienced problems with the replacement H1625 printer, and it was ultimately determined that the replacement printer was unable to produce marketable materials. (ECF No. 1, ¶¶ 27-30.) These failures caused significant delays in Brilliant's purchase orders, severely impacted the quality of work it was able to produce, and caused Brilliant to lose substantial revenue and customers. (*Id.*, ¶¶ 32-33.)

This lawsuit followed in May 2018. In part, Brilliant seeks a declaration that it is not liable to CIT for any amounts allegedly owed through the October 2016 lease agreement because of Konica's breach of the agreement. (ECF No. 1, ¶ 98.)

**ANALYSIS**

The October 2016 lease agreement contains a forum-selection clause in Paragraph 13, which provides in pertinent part:

> If the Lessor or its Assignee shall bring any judicial proceeding in relation to any matter arising under the Agreement, the Customer irrevocably agrees that any such matter may be adjudged or determined in any court or courts in the state of the Lessor or its Assignee's principal place of business, or in any court or courts in Customer's state of residence, or in any other court having jurisdiction over the Customer or assets of the Customer, all at the sole election of the Lessor. The Customer hereby irrevocably submits generally and unconditionally to the jurisdiction of any such court so elected by Lessor in rotation [sic] to such matters.

(ECF No. 9-1 at 2.) CIT contends that, "[s]ince [its] principal place of business is in New Jersey, the forum-selection clause of the Lease Agreement provides that venue is proper in the District of New Jersey." (ECF No. 38 at 5.) Relying on the analysis set forth in *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 571 U.S. 49, 62-63 (2013), CIT argues that "transfer of the claim and counterclaims between CIT and Brilliant" to the United States District Court for the District of New Jersey is appropriate because "the public interest factors do not outweigh enforcement of the forum selection clause." (*Id.* at 5-7.)

When a party's motion to sever and transfer is principally based on a forum selection clause, courts have merged the relevant analyses under Federal Rule of Civil Procedure 21 and 28 U.S.C. § 1404(a). *Ashley Furniture Indus., Inc. v. Packaging Corp. of Am.*, 275 F. Supp. 3d 957, 961-62 (W.D. Wis. 2017). "In other words, '[i]f the Court were to conclude [that] the pertinent factors render transfer appropriate under § 1404(a), then severance, too, would be proper." *Paduano v. Express Scripts, Inc.*, 155 F. Supp. 3d 400, 431-32 (E.D.N.Y. 2014) (quoting *Valspar Corp. v. E.I. DuPont de Nemours & Co.*, 15 F. Supp. 3d 928, 931-32 (D. Minn. 2014)) (alterations in original). 28 U.S.C. § 1404(a) states, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

A court considering a § 1404(a) motion typically "must evaluate both the convenience of the parties and various public-interest considerations" and "decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Atlantic Marine*, 571 U.S. at 62-63 (quoting 28 U.S.C. § 1404(a)). However, when the transfer motion is based on a valid forum selection clause between the parties, the traditional § 1404(a) analysis is altered in three ways:

> (1) the plaintiff's choice of forum deserves no weight; (2) the parties' private interests are immaterial; and (3) the court should not weigh the transferee court's familiarity with the law dictated by the transferor court's choice of law rules, since those rules would not follow along with a transfer.

5

*Ashley Furniture*, 275 F. Supp. 3d at 962 (citing *Atlantic Marine*, 571 U.S. at 63-65). Consequently, "[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Atlantic Marine,* 571 U.S. at 62.

It is true, as CIT contends, that venue is proper in the District of New Jersey since that is where CIT's principal place of business is located. But whether venue is proper there is not the question. The question is whether venue is *improper* here. In other words, the issue is whether paragraph 13 of the lease agreement *requires* that any action against CIT be brought in New Jersey. The Court of Appeals for the Seventh Circuit has stated:

> The law is clear: where venue is specified with mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified, the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive. [*Docksider, Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989)].

*Paper Express, Ltd. v. Pfankuch Maschinen, GmbH*, 972 F.2d 753, 756 (7th Cir. 1992).

The forum-selection clause at issue in *Atlantic Marine,* upon which CIT relies, stated in pertinent part:

> J-Crew agrees that *all … disputes … shall be litigated* in the Circuit Court of the city of Norfolk, Virginia, or the United States District Court for the Eastern District of Virginia, Norfolk Division. *The Parties hereto expressly consent to the jurisdiction and venue of said courts*.

*U.S. ex rel J-Crew Management, Inc. v. Atlantic Marine Const. Co., Inc.*, No. A-12-CV-228-LY, 2012 WL 8499879, at *1 (W.D. Tex. Aug. 6, 2012) (emphasis added). In other words, the

6

forum-selection clause in *Atlantic Marine* specified with mandatory language the parties' intent to make venue "in the Circuit Court of … Norfolk Virginia, or the United States District Court for the Eastern District of Virginia, Norfolk Division" exclusive. *See Muzumdar v. Wellness Int'l Network, Ltd.*, 438 F.3d 759, 762 (7th Cir. 2006). It bound both parties to sue *only* in the two forums specified. *See Signature Financial LLC v. Neighbors Global Holdings, LLC*, 281 F. Supp. 3d 438, 447 (S.D.N.Y. 2017).

Paragraph 13 of the lease agreement, on the other hand, does not specify a forum where all suits *must* be brought. Instead, it requires Brilliant to abandon jurisdictional defenses when sued by CIT "in any court or courts of the Lessor or its Assignee's principal place of business [(New Jersey)], or in any court or courts in [Brilliant's] state of residence, or in any other court having jurisdiction over [Brilliant] or assets of [Brilliant][.]" (ECF No. 9-1 at 2.) The language is permissive and does not empower CIT to oust jurisdiction in favor of New Jersey when, as here, Brilliant brings suit in another state. *See Signature Financial LLC*, 281 F. Supp. 3d at 447; *Wells Fargo Fin. Leasing, Inc. v. NCH Healthcare Sys., Inc.*, 756 F. Supp. 2d 1086, 1100 (S.D. Iowa 2010) (finding essentially the same language in a forum selection clause to be permissive rather than mandatory); *see also* Charles Alan Wright, et al., *14D Federal Practice and Procedure* § 3803.1 (4th ed. November 2018 update) ("Permissive forum selection clauses, often described as 'consent to jurisdiction' clauses, authorize jurisdiction and venue in a designated forum, but do not prohibit litigation elsewhere."). Because paragraph 13 does not contain any language

7

indicating the parties' intent to make venue exclusive in New Jersey, the modified § 1404(a) analysis outlined in *Atlantic Marine* does not apply. *BAE Sys. Tech. Sol. & Servs., Inc. v. Republic of Korea's Def. Acquisition Program Admin.*, 884 F.3d 463, 472 (4th Cir. 2018).

Having concluded that the consent to jurisdiction provision found in paragraph 13 does not apply here, the court would ordinarily proceed with a traditional *forum non conveniens* analysis under § 1404(a). *See BAE Sys. Tech. Sol. & Servs., Inc.*, 884 F.3d at 472. However, CIT's argument for transferring venue to the United States District Court for the District of New Jersey was entirely premised on the modified § 1404(a) analysis outlined in *Atlantic Marine* applying. (*See* ECF No. 38 at 4-7.) CIT does not even attempt to prove that its proposed alternative forum (New Jersey) is more convenient in light of the public and private interests involved. Given that the modified § 1404(a) analysis outlined in *Atlantic Marine* does not apply, CIT fails to meet its burden of establishing "that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). As such, the court will deny CIT's motion.

**IT IS THEREFORE ORDERED** that defendant CIT's motion to sever claims and transfer venue (ECF No. 37) is **denied**.

Dated at Milwaukee, Wisconsin this 26th day of March, 2019.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge