UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BRILLIANT DPI, INC.,

        Plaintiff,

v.                               Case No. 18-CV-799

KONICA MINOLTA BUSINESS
SOLUTIONS, U.S.A., INC., et al.,

        Defendants.

---

## ORDER

---

**1. Background and Procedural History**

On May 24, 2018, Plaintiff Brilliant DPI, Inc. filed a complaint against Defendants Konica Minolta Business Solutions, U.S.A., Inc., Konica Minolta Premiere Finance, Electronics for Imaging, Inc. (EFI), and CIT Technology Financing Services, Inc. concerning the performance of an EFI-manufactured printer that Konica leased to Brilliant, which lease was assigned in whole or in part to CIT. (ECF No. 1.) Against Konica Minolta Business Solutions and Konica Minolta Premiere Finance (collectively, "Konica") Brilliant alleged fraudulent misrepresentation under Wisconsin's Deceptive Trade Practices Act (Wis. Stat. § 100.18), negligent misrepresentation, intentional

misrepresentation/fraudulent inducement, intentional interference with business relations, and breach of contract. (*Id.*, ¶¶ 36-71.) Against EFI it alleged common law negligence, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, and res ipsa loquitur. (*Id.* ¶¶ 72-94.) And against CIT it sought a declaration that Brilliant was not liable for any amounts allegedly owed through the lease agreement entered into with Konica and later assigned to CIT. (*Id.*, ¶¶ 95-98.)

As the case progressed the parties filed two joint motions to amend the scheduling order (ECF Nos. 45, 47), both of which this court granted (ECF Nos. 46, 48). Pursuant to the Second Amended Scheduling Order, entered on October 2, 2019, all discovery is to be completed by May 29, 2020, and all motions for summary judgment are to be filed no later than June 26, 2020. (ECF No. 48 at 1-2.)

On February 7, 2020, EFI filed a motion for summary judgment. (ECF No. 50.) Instead of responding to the motion, on March 6, 2020, Brilliant filed a motion to amend the pleadings. (ECF No. 55.) In the alternative, Brilliant requests a thirty-day extension of time to respond to the motion for summary judgment. (ECF No. 56 at 6.) EFI opposes the motion. (ECF No. 57.) All parties have consented to the full jurisdiction of a magistrate judge. (ECF Nos. 3, 21, 22, 30.) Brilliant's motion is ready for resolution.

## 2. The Amended Complaint

Brilliant's motion to amend its complaint, which seeks to allege new facts and add new causes of action, comes nearly two years after filing its initial complaint. (ECF No. 55.) In violation of Civil L. R. 15(b), not until its reply brief does Brilliant "state specifically what changes are sought by the proposed amendment[]." (*See* ECF No. 58 at 3.) The proposed amended complaint adds four new causes of action against EFI: (1) fraudulent misrepresentation under Wisconsin's Deceptive Trade Practices Act (Wis. Stat. § 100.18), (2) negligent misrepresentation, (3) intentional misrepresentation/fraudulent inducement, and (4) intentional interference with business relations. (ECF No. 56-1, ¶¶ 41-71.) Brilliant has already alleged each of these claims against Konica. (ECF No. 1, ¶¶ 36-64.)

In addition to adding EFI to these four causes of action, the amended complaint also alleges facts not included in the original complaint. The amended complaint alleges that a demonstration by video conference of the EFI H1625 printer was arranged by Konica between EFI, Konica employees, and representatives of Brilliant. (ECF No. 56-1, ¶ 17.) Brilliant alleges that, "during the demonstration, EFI representatives made several and various representations … about the capabilities of the equipment and the type of performance [Brilliant] could expect from the printer .…" (*Id.*) Brilliant does not allege when this video conference occurred.

The amended complaint also alleges that, before Brilliant entered into a lease agreement with Konica, Konica employees attended training on the EFI H1625 at EFI's headquarters. (ECF No. 56-1, ¶ 18.) Brilliant alleges that, at this training, "EFI made certain representations regarding the capabilities of the equipment and the type of performance that customers could expect from the printer" and that EFI provided Konica employees with access to written materials and the ability to access an online portal with further information from EFI. (*Id.*, ¶ 19.) Brilliant alleges that "[its] employees were trained on the operation, maintenance, [and] use of the EFI H1625 printer by Konica employees," and Konica "used EFI information and materials to conduct the training." (*Id.*, ¶ 24.) Brilliant further alleges that "EFI controlled the information about the EFI H1625 that was either directly passed to plaintiffs; or, that was indirectly passed to plaintiffs through Konica representatives." (*Id.*, ¶ 20.) And even when it began having issues with the printer, Brilliant alleges that it relied on statements by both Konica and EFI representatives in deciding to continue to try using and fixing the printer. (*Id.*, ¶¶ 27, 28, 34.) None of the above facts were included in Brilliant's original complaint.

Brilliant contends that its amended complaint relies in part on information it learned during the deposition of Stephen Jagemann, an employee at Konica who was deposed on May 8, 2019—over a year ago. (ECF Nos. 56 at 4-6, 56-2 at 1.) Jagemann testified that he was trained on the EFI H1625 by EFI personnel and that after the training he was given access to an online portal. (ECF No. 56 at 4.) He saved the documents from

the portal to the desktop of a Brilliant employee's computer so that she could access them. (*Id.*) Jagemann testified that he trained Brilliant employees on its use, and also helped troubleshoot as problems arose. (*Id.* 4-5.) In completing these tasks, he used the EFI-provided materials and sought assistance from EFI personnel. (*Id.* at 5.)

3. **Standard**

Because the defendants have already answered the complaint, absent their written consent Brilliant may amend its complaint only with leave of the court. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). "The terms of [Rule 15(a)], however, do not mandate that leave be granted in every case." *Park v. City of Chicago*, 297 F.3d 606, 612 (7th Cir. 2002).

4. **Analysis**

Brilliant argues that its "motion to amend pleadings reflects changes to the pleadings based on additional information obtained through the discovery process." (ECF No. 56 at 2.) EFI argues that the proposed new claims are futile and "appear based on dilatory motive as well." (ECF No. 57 at 2.)

5
Case 2:18-cv-00799-WED   Filed 05/19/20   Page 5 of 12   Document 62

**4.1. Futility of Proposed Amendments**

EFI argues that it would be futile to allow Brilliant to amend the complaint to add the four new claims. It contends that the proposed negligent and intentional misrepresentation/fraudulent inducement claims are barred by the economic loss doctrine, and the claim for intentional interference with business relations and the claim under Wis. Stat. § 100.18 are barred by the statute of limitations. (ECF No. 57 at 2-6.)

**4.1.1. Economic Loss Doctrine**

"The [economic loss doctrine] 'is a judicially created doctrine that seeks to preserve the distinction between contract and tort.'" *Below v. Norton*, 310 Wis. 2d 713, 726, 751 N.W.2d 351, 358 (2008) (quoting *Ins. Co. of N. Am. v. Cease Elec. Inc.*, 276 Wis. 2d 361, 369, 688 N.W.2d 462, 466 (2004)). "[I]ts purpose is to preserve the distinction between contract and tort by requiring transacting parties to pursue only their contractual remedies when asserting an economic loss claim." *Kaloti Enters., Inc. v. Kellogg Sales Co.*, 283 Wis. 2d 555, 579, 699 N.W.2d 205, 216 (2005) (citing *Cease Elec. Inc.*, 276 Wis. 2d at 372)). The doctrine necessarily presupposes a contractual agreement between the parties. *See id.*

"The doctrine holds that a commercial purchaser of a product cannot recover solely economic losses from the manufacturer under negligence or strict liability theories …." *Van Lare v. Vogt, Inc.*, 274 Wis. 2d 631, 640, 683 N.W.2d 46, 51 (2004). "Economic loss is the loss in a product's value which occurs because the product 'is inferior in quality and does not work for the general purposes for which it was

6

manufactured and sold.'" *Wausau Tile, Inc. v. Cty. Concrete Corp.*, 226 Wis. 2d 235, 246, 593 N.W.2d 445, 451 (1999) (quoting *Northridge Co. v. W.R. Grace & Co.*, 162 Wis. 2d 918, 925-26, 471 N.W.2d 179, 181 (1991)).

In its reply brief, Brilliant argues that it never had a contractual relationship with EFI. (ECF No. 58 at 7.) As such, no basis exists for the contention that the economic loss doctrine prevents the negligent and intentional misrepresentation/fraudulent inducement claims. (*See id.*) In support of its argument, Brilliant points to EFI's proposed findings of fact supporting its motion for summary judgment, in which EFI concedes that it "had no contractual relationship with Brilliant." (ECF No. 52, ¶ 25.)

Although EFI sought and was granted leave to file a sur-reply brief, it did not in that brief dispute that it had no contractual relationship with Brilliant. Because Brilliant and EFI never had a contractual relationship, the economic loss doctrine does not render futile the claims for negligent and intentional misrepresentation/fraudulent inducement.

#### 4.1.2. Statute of Limitations

EFI argues that the claim for intentional interference with business relations and the claim under Wis. Stat. § 100.18 are barred by a three-year statute of limitations. (ECF No. 57 at 5-6.) EFI argues that "[t]he alleged violation of [Wis. Stat. § 100.18] first occurred in a video demonstration prior to the time that Brilliant entered into an equipment lease agreement to purchase the EFI H165 [sic], in July of 2015." (*Id.*)

"An action to recover damages for … other intentional tort to the person shall be commenced within 3 years after the cause of action accrues or be barred." Wis. Stat. § 893.57. This provision also applies to intentional torts relating to economic loss. *See Mirbeau of Geneva Lake, LLC et al. v. City of Lake Geneva et al.*, 746 F. Supp. 2d 1000, 1015 (E.D. Wis. 2010) ("The Wisconsin Supreme Court, in interpreting § 893.57, seems to discard the words 'to the person' in the statute and allows § 893.57 to dictate the controlling limitations period for *all* intentional torts, even those of an economic nature.") (emphasis in original) (citing *Beloit Liquidating Trust v. Grade*, 2004 WI 39, ¶ 40, 270 Wis.2d 356, 677 N.W.2d 298 (2004)).

In its reply brief Brilliant argues for the first time that the doctrine of relation back applies to the amended complaint. (ECF No. 58 at 4-5.) Under the Federal Rules of Civil Procedure,

> An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back; [or]
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]

Fed. R. Civ. P. 15(c)(1)(A)-(B). Brilliant argues that, because it seeks to add EFI to claims that it alleged against Konica initially, "the claims in the amended complaint arise out of the same event set forth in the original pleading." (ECF No. 58 at 5.)

8
Case 2:18-cv-00799-WED    Filed 05/19/20    Page 8 of 12    Document 62

EFI sought and was granted leave to file a sur-reply brief to address the relation back issue. (ECF Nos. 59-61.) It argues that Brilliant's motion to amend the complaint did not include an argument about relation back and, therefore, failed to conform with FRCP 7. (ECF No. 60 at 1; Fed. R. Civ. P. 7(b)(1)(B)-(C) ("A request for a court order must be made by motion. The motion must: … (B) state with particularity the grounds for seeking the order; and (C) state the relief sought.").)

As EFI argues in its sur-reply, the new allegation of fraudulent misrepresentation under Wis. Stat. § 100.18 against EFI is founded on an alleged videoconference demonstration that occurred prior to Brilliant and Konica entering into a lease agreement. (ECF No. 60 at 5.) However, without knowing for certain when this occurred, the court is not able to determine whether it relates back to three years prior to the filing date of the original complaint on May 24, 2018. And with regard to the intentional interference with business relations claim, "[t]he claimed 'transactions' or 'occurrences' of providing manufacturer's directions and software as set forth in the Amended Complaint (¶ 19) are completely absent from the original Complaint." (*Id.*)

Accordingly, the court is not able to conclude that the claim for intentional interference with business relations and the claim under Wis. Stat. § 100.18 are barred by statute of limitations.

9
Case 2:18-cv-00799-WED   Filed 05/19/20   Page 9 of 12   Document 62

### 4.2. Dilatory Motive and Prejudice to EFI

The videoconference demonstration of the EFI H1625, which forms the basis for at least one of Brilliant's new claims against EFI, allegedly occurred before Konica and Brilliant entered into a lease agreement in July 2015. (ECF No. 56-1, ¶¶ 17, 21.) If any representations were made by EFI representatives at this demonstration about the capabilities of the equipment and the type of performance Brilliant could expect from the printer, Brilliant representatives were present and would have been aware of them at that time. To the extent those representations turned out to be allegedly untrue, and thus serve as at least part of the basis for the new claims in the amended complaint, Brilliant has not explained why it did not assert those claims earlier.

The instructional materials produced by EFI and provided through the portal to Konica and then to Brilliant (through Konica) also allegedly support the new claims. Although Brilliant's lawyers apparently did not learn about these facts until Jagemann's deposition, that deposition was taken a year ago. (ECF No. 56-2.) Brilliant offers no explanation as to why it waited a year, until after EFI had moved for summary judgment, to finally seek leave to amend its complaint. *See Groth v. Orkin Exterminating Co., Inc.*, 909 F. Supp. 1143, 1148 (C.D. Ill. 1995) ("[Plaintiff] seeks to amend only after [Defendant] moved for summary judgment. That fact alone supports the Court's decision to deny the Motion for Leave to Amend."); *Johnson v. Cypress Hill*, 641 F.3d 867, 872 (7th Cir. 2011)

("[T]he 'longer the delay, the greater the presumption against granting leave to amend.'") (quoting *King v. Cooke*, 26 F.3d 720, 723 (7th Cir. 1994)).

But "[d]elay, standing alone, may prove an insufficient ground to warrant denial of leave to amend the complaint; rather, 'the degree of prejudice to the opposing party is a significant factor in determining whether the lateness of the request ought to bar filing.'" *Park*, 297 F.3d at 613 (quoting *Doherty v. Davy Songer, Inc.*, 195 F.3d 919, 92[8] (7th Cir. 1999)). Thus, the question is how, if at all, EFI is prejudiced by Brilliant's delay in seeking leave to amend its complaint.

EFI's brief dedicates a total of one sentence to addressing the prejudice issue: it contends that it will be prejudiced in that it will "have to engage in additional discovery as well as in all probability another motion for Summary Judgment." (ECF No. 57 at 7.) It does not identify what additional discovery would be needed, nor does it explain how it will be prejudiced by having to engage in additional discovery. To the extent additional discovery is needed to defend against the new claims, EFI would have needed to engage in that discovery had the new claims been asserted earlier; the need to engage in the discovery was simply delayed. To the extent the new claims will result in EFI having to re-depose one or more witnesses, that very well could be prejudice, but EFI does not say it will need to re-depose anyone.

Nor does EFI explain how it will be prejudiced if it has to file another summary judgment motion. To the extent the new motion is on the claims in the original complaint,

that work seemingly is already done. To the extent the new motion is on the new claims in the amended complaint, as with the additional discovery: that is work that would have had to have been done had the new claims been asserted earlier.

In short, Brilliant has not explained why it waited until after EFI filed a motion for summary judgment to move to amend its complaint. At the same time, EFI has not explained how Brilliant's delay prejudiced it. In the absence of a clear explanation as to how EFI will be prejudiced by the delay, to deny the motion would be inconsistent with Rule 15(a)(2)'s admonition that leave to amend should be freely given when justice so requires.

If the parties wish to extend the deadlines for discovery or for summary judgment motions, they may file a motion requesting such relief.

**IT IS THEREFORE ORDERED** that Brilliant's motion to amend or file supplemental pleadings (ECF No. 55) is **granted**. The Clerk is directed to file the amended complaint and its accompanying exhibits (ECF No. 56-1) as the operative complaint in this action.

**IT IS FURTHER ORDERED** that EFI's motion for summary judgment (ECF No. 50) is **dismissed as moot**.

Dated at Milwaukee, Wisconsin this 19th day of May, 2020.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge