UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRILLIANT DPI, INC.,

        Plaintiff,

        v.                               Case No. 18-CV-799

CIT TECHNOLOGY FINANCING SERVICES, INC.,

        Defendant.

## ORDER

The court dismissed this action without prejudice on March 3, 2022, when it entered an order approving the parties' stipulation of dismissal. (ECF No. 136.) The court's order stated, "Pursuant to the terms of the Settlement Agreement between the parties, CIT Technology Financing Services, Inc. (n/k/a CIT Technology Financing Services, LLC) shall have the right to reopen this action and obtain entry of a stipulated judgment (as defined in paragraphs 2-3 of the Settlement Agreement)." (ECF No. 136.)

CIT Technology Financing Services, LLC is the successor of CIT Technology Financing Services, Inc. Accordingly, it is substituted for CIT Technology Financing Services, Inc.

CIT Technology Financing Services, LLC (henceforth referred to as CIT) is a citizen of North Carolina. (ECF No. 151, ¶ 4.) Brilliant DPI, Inc., is a citizen of Wisconsin. (ECF No. 1, ¶ 1.) Therefore, complete diversity exists, and because the dispute involves more than $75,000, the court has jurisdiction under 28 U.S.C. § 1332.

The parties' settlement agreement states that, in the event of default, CIT will provide Brilliant DPI with notice, and Brilliant DPI will have ten days to cure.

> If Brilliant does not cure the default within ten (10) days of receipt of a written notice to cure from CIT, Brilliant consents to the immediate entry (without any hearing or objection) of a judgment against Brilliant for the total of $191,683.80, less any payments that have been made against that total beginning March 1, 2022.

(ECF No. 151-5 at 2.)

CIT states that Brilliant DPI has defaulted on the parties' agreement and failed to cure that default. (ECF No. 153-1, ¶¶ 12-16; 153-6 at 1-2.) Accordingly, it asks the court to reopen the case and enter judgment in accordance with the settlement agreement.

Brilliant DPI opposes the motion, arguing that there is no procedural mechanism for the motion, the motion is barred by laches, and CIT failed to mitigate its damages. (ECF No. 154 at 6-11.)

There is no procedural bar to CIT's requested relief. Under Fed. R. Civ. P. 41(a)(2), courts may, and routinely do, condition dismissal on affording a party leave to return to court to enforce a settlement agreement. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994) ("If the parties *wish* to provide for the court's enforcement of a

2

Case 2:18-cv-00799-WED    Filed 11/18/24    Page 2 of 4    Document 156

dismissal-producing settlement agreement, they can seek to do so." (emphasis in original)).

An issue arises only if the court purports to both retain jurisdiction and dismiss the action with prejudice. *See Shapo v. Engle*, 463 F.3d 641, 643 (7th Cir. 2006) (citing *Lynch v. SamataMason, Inc.*, 279 F.3d 487, 489 (7th Cir. 2002)); *Dupuy v. McEwen*, 495 F.3d 807, 809 (7th Cir. 2007). The parties' initial stipulation to dismiss proposed that the court do just this (ECF No. 133), but when the court pointed out the infirmity of the parties' proposal (ECF No. 134) they agreed to a dismissal without prejudice, thus retaining the court's ability to enter judgment in the event of default (ECF No. 135). The court adopted the stipulation and dismissed the action without prejudice. (ECF No. 136.)

As for Brilliant DPI's other arguments, laches is irrelevant in the absence of prejudice, *see Trump v. Biden*, 2020 WI 91, ¶10, 394 Wis. 2d 629, 951 N.W.2d 568, and there is no hint that Brilliant DPI was prejudiced by CIT's delay. And any argument regarding mitigation is foreclosed by the parties' settlement agreement.

Having demonstrated that Brilliant DPI has defaulted on the settlement agreement and has failed to cure its default, CIT is entitled to the entry of judgment in accordance with the terms of the settlement agreement.

**IT IS THEREFORE ORDERED** that the motion to substitute is **granted**. CIT Technology Financing Services, LLC is substituted for CIT Technology Financing Services, Inc.

**IT IS FURTHER ORDERED** that CIT Technology Financing Services, LLC's motion to reopen is **granted**. The Clerk shall enter judgment in favor of Defendant CIT Technology Financing Services, LLC, and against Plaintiff Brilliant DPI, Inc., in the total sum of **$191,638.80**, plus post-judgment interest at the Wisconsin statutory rate.

DDated at Milwaukee, Wisconsin this 18th day of November, 2024.

*William E. Duffin*
WILLIAM E. DUFFIN
U.S. Magistrate Judge